USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kenneth D. Thompson,

            Plaintiff,

–v–

United States Department of Education,

            Defendant.

20-cv-693 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

       Plaintiff Kenneth D. Thompson initiated this lawsuit in New York state court, alleging breach of contract, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, and fraud against Defendant United States Department of Education ("DOE"). DOE removed the case to federal court and subsequently filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons that follow, the Defendant's motion to dismiss is GRANTED.

     **I.**     **Background**

       The following facts are taken from the Complaint and assumed to be true for purposes of this motion.

       In 1998, a student loan was taken out under the name of "Kenneth L. Thompson." Dkt. No. 3-2 ("Compl.") ¶ 5. The borrower's middle initial, date of birth, and social security number were different than Plaintiff's, even though they shared a first and last name. *Id.* Plaintiff disputed the debt from around 2000 to 2006, to no avail. *Id.* In 2006, DOE formally associated Plaintiff's social security number with the debt. *Id.* ¶ 6. Then, in 2008 Plaintiff was eligible for a tax refund, but the refund was offset by DOE's collection agent. *Id.* ¶¶ 7–10. Plaintiff sought

out legal help and in 2009 reached a settlement agreement with DOE's collection agent; the collection agent agreed to pay Plaintiff $4,566. *Id.* ¶¶ 11–15. In 2014, Plaintiff began receiving distributions from the Social Security Administration ("SSA"). *Id.* ¶ 17. Five years later, he received a letter from SSA informing him that a debt, purportedly of Plaintiff's, had been referred to the Treasury Department; the letter alleged that Plaintiff owed a debt to DOE and informed Plaintiff that Treasury could withhold up to 15% of Plaintiff's Social Security benefit payments in light of the existing debt. *Id.* ¶¶ 18–19. On April 12, 2019, DOE informed Plaintiff that the offset had been in error and that action had been taken to refund Plaintiff. *Id.* ¶¶ 20–21. The Government eventually explained to Plaintiff that two social security numbers—including his—had been associated with the case number associated with the debt; Plaintiff continued corresponding with the Government about his frustration. *Id.* ¶¶ 22–27.

Plaintiff filed a complaint against DOE on December 26, 2019 in the Civil Court of the City of New York, County of Bronx. *See* Dkt. No. 3-2. He alleges that DOE's collection agents erroneously associated his social security number with a student loan for which he was not the borrower, resulting in a wrongful offset of his 2008 federal stimulus check and an offset of a portion of his social security benefits in 2019. Compl. ¶¶ 4–27. DOE then removed the case from state court on or around January 27, 2020. Dkt. Nos. 1, 3.

On June 5, 2020, DOE filed its motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Dkt. No. 12. The Court then notified Thompson that he could amend his pleading, and that declining to amend his pleadings to timely respond to a fully briefed argument in DOE's June 5 motion to dismiss may constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that have been made apparent by DOE's briefing. Dkt. No. 14. On June 19, 2020, Thompson advised the Court

that he intended to rely on his original Complaint.  Dkt. No. 15.  While Thompson failed to file his opposition brief on the public docket, he filed an affidavit that day and served his opposition on DOE.  *See* Dkt. No. 16.  DOE filed its reply on June 25, 2020, affixing Thompson's opposition brief as an exhibit to its reply.  Dkt. No. 17 & 17-1.

## II. Legal Standard

A Rule 12(b)(1) motion is a threshold challenge to this Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  When resolving a Rule 12(b)(1) motion, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Id.* (citations and internal quotation marks omitted).  "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings."  *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).  And "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient."  *Frisone v. Pepsico Inc.,* 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (citation omitted).  *See also Lleshi v. Kerry*, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015).  Where, as here, the suit is brought against the federal government, the Plaintiff "bear[s] the burden to show Congress waived sovereign immunity with respect to their claims.  *Vidurek v. Miller*, No. 13-CV-4476 (VB), 2014 WL 901462, at *4 (S.D.N.Y. Feb. 27, 2014).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), meanwhile, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations that "are not entitled to the assumption of truth," and neither "'naked assertion[s]' devoid of 'further factual enhancement'" nor "the-defendant-unlawfully-harmed-me accusation[s]" are sufficient to establish that a petitioner is entitled to relief. *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. 544, 557 (2007)). In addition, a court need not accept as true "legal conclusions" or "'a legal conclusion couched as a factual allegation.'" *Id.*

### III. Discussion

When confronted with a motion to dismiss under both Rule 12(b)(1) and 12(b)(6), a court must first consider the Rule 12(b)(1) challenge, since if it must dismiss the complaint for lack of subject matter jurisdiction, "the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (citation omitted). The Court thus begins with DOE's 12(b)(1) argument.

As an initial matter, Plaintiff contends that DOE "waived its claim under Rule 12(b)(1)" when it removed this matter to federal court and that DOE's 12(b)(1) motion is improper because Plaintiff filed this action in state court, where "[s]ubject matter jurisdiction was met." Dkt. No. 17-1 ("Pl. Opp. Br.") at 5. The argument is meritless, for "[r]emoval does not waive any Rule 12(b) defenses." *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996). Furthermore, the Supreme Court has unambiguously observed that "[o]bjections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153

(2013). Thus, the motion is properly before the Court, and there is no question that the Court may—indeed, must—consider whether it has subject matter jurisdiction over this action.

It is well established that "a waiver of sovereign immunity . . . is a prerequisite to subject matter jurisdiction" in any action where the United States is a defendant. *Up State Fed. Credit Union v. Walker,* 198 F.3d 372, 374 (2d Cir. 1999) (citing *Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir. 1999). Only if Congress has waived sovereign immunity can an action be maintained against the federal government or its agencies. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). That waiver must be unequivocal and it cannot merely be implied. *See United States v. King*, 395 U.S. 1, 4 (1969); *see also Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008). While "[t]he waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction, . . . the issues of subject-matter jurisdiction and sovereign immunity are nonetheless 'wholly distinct,' . . . [and a] showing of jurisdiction is not alone sufficient to allow the instant suit to proceed—there must also be a showing of specific waiver of sovereign immunity." *Presidential Gardens Assocs.*, 175 F.3d at 139. DOE is a federal agency. *See, e.g.*, *Robinson v. U.S. Dep't of Educ.*, --- F. Supp. 3d ---, No. CV 20-1482 (CKK), 2020 WL 6591390, at *4 (D.D.C. Nov. 11, 2020). Thus, to maintain this litigation, Thompson must furnish some basis why sovereign immunity is waived for purposes of his claims against the agency.

Thompson cannot clear this hurdle. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Complaint makes no mention of the concept of sovereign immunity or of any possible basis why sovereign immunity might be waived for purposes of this lawsuit. *See generally* Compl. Even after DOE made this argument

in its memorandum of law in support of its motion to dismiss, *see* Dkt. No. 13 ("Def. Br.") at 4–5, Plaintiff failed to cite any statute that might provide a basis for waiver of sovereign immunity or to make any non-conclusory argument as to why jurisdiction exists. *See* Dkt. No. 17-1 ("Pl. Opp. Br."). Plaintiff's effort thus falls far short of his burden to establish that this action can be maintained against DOE, for "jurisdiction must be shown affirmatively." *Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003)). Because a waiver of sovereign immunity is a "prerequisite to subject matter jurisdiction," *Presidential Gardens Assocs.*, 175 F.3d at 139, this failure is fatal to all of Plaintiff's claims against DOE, the only Defendant named in the Complaint.

Although it is Plaintiff's burden to show that Congress waived sovereign immunity, the Court has also reviewed the pleadings and found no basis to conclude that sovereign immunity is waived for these claims against DOE. This Court lacks jurisdiction to adjudicate Plaintiff's breach of contract claim, for instance, because as a general matter, "the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States when the amount in controversy is in excess of $10,000." *Rose v. Associated Universities, Inc.*, No. 00-CV-0460 (DAB), 2000 WL 1457115, at *2 (S.D.N.Y. Sept. 28, 2000). A narrow exception exists where another statute provides for an independent waiver of sovereign immunity, *see Ward v. Brown,* 22 F.3d 516, 519 (2d Cir. 1994), but that exception is inapplicable here because Plaintiff has pointed to no such statute. To the extent Plaintiff intends to bring his tort and fraud claims under the Federal Tort Claims Act, meanwhile, his claim fails because the FTCA's waiver of sovereign immunity applies only when "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a). This requirement is "jurisdictional and cannot be waived." *Coin Corp. v. United States,* 700 F.2d 836,

841 (2d Cir. 1983). The complaint does not allege that Plaintiff filed an administrative claim with respect to the alleged torts committed by the DOE. *See Shabtai v. U.S. Dep't of Educ.*, No. 02-CV-8437 (LAP), 2003 WL 21983025, at *6 (S.D.N.Y. Aug. 20, 2003). Nor could Plaintiff rely on the Higher Education Act's partial waiver of sovereign immunity to bring a claim for monetary damages, since the HEA also requires exhaustion of administrative remedies. *See* 20 U.S.C. § 1082(a)(2); *Sanon v. Dep't of Highter Educ.*, No. 06-CV-4928 (SLT) (LB), 2010 WL 1049264, at *7 (E.D.N.Y. Mar. 18, 2010), *aff'd sub nom. Sanon v. Dep't of Higher Educ.*, 453 F. App'x 28 (2d Cir. 2011), *as amended* (Nov. 8, 2011) (noting that the HEA requires plaintiffs to follow the requirements of the FTCA).

In light of Plaintiff's failure to identify any waiver of sovereign immunity, the Court lacks subject matter jurisdiction over this action and dismisses it accordingly. Pursuant to the Court's individual rules, after Defendant filed a motion to dismiss on June 5, 2020, the Court gave Plaintiff the option of amending his complaint in response to the motion to dismiss. *See* Dkt. No. 14. Plaintiff opted not to do so, instead indicating that he would rely on the original complaint. Dkt. No. 15. Plaintiff does not request leave to amend, and the Court concludes that amendment would be futile. As a result, the dismissal is with prejudice.

### IV.   Conclusion

The Defendant's motion is GRANTED and all claims are dismissed with prejudice.

This resolves Dkt. No. 12. The Clerk of Court is respectfully instructed to enter judgment and close the case.

SO ORDERED.

Dated: March 30, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge